IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:19-MJ-155 (DJS) |
| | ) | |
| v. | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **KYLE CATON,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, Kyle Caton, by and through counsel, Derrick Hogan, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including thirty (30) days from the date of the order to and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1)   The chronology of this case is as follows:

    a)   Date of complaint: March 15, 2019

    b)   Date of initial appearance: March 15, 2019

    c)   Defendant custody status: Detained

    d)   Date United States moved for detention: March 15, 2019

    e)   Date of detention hearing: March 18, 2019

    f)   Date detention decision issued: March 18, 2019

g) There has been one earlier 30-day enlargement of time and exclusion under the Speedy Trial Act.

2) The United States and/or the defendant request this exclusion based on the following facts and circumstances: The defendant is currently charged with receipt of child pornography based, in part, on a forensic examination of his computer. The government has provided early discovery, and the defendant's attorney met with the government on April 16, 2019 to review the evidence that the government has uncovered during its investigation to date. Defense counsel requires additional time to discuss this evidence with his client and determine how the evidence will affect plea negotiations that may negate the need for an indictment. Additionally, while the government has made significant progress on its forensic examination of the defendant's computer, additional time is necessary to complete this exam.

3) The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because it is unreasonable to expect return and filing of an indictment within the period specified in section 3161(b), considering the forensic evidence involved and taking into account the exercise of due diligence.

4) The parties stipulate and agree that 30 days from the date of the order shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iii).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: April 19, 2019                    GRANT C. JAQUITH
                                         United States Attorney

                                By:      /s/ Shira Hoffman
                                         Shira Hoffman
                                         Assistant United States Attorney

2

Bar Roll No. 700507

_____
Derrick Hogan, Esq.
Attorney for Kyle Caton
Bar Roll No. 516379

## ORDER

A.    The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order;

B.    The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because this delay is necessary in order to allow the United States reasonable time following the arrest of the defendant for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including thirty (30) days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this _____ day of April, 2019.

                                                     Hon. Daniel J. Stewart
                                                     United States District Judge