IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.   1:19-CR-245 (TJM)

KYLE CATON,

Defendant.

---

### DEFENDANT'S SENTENCING MEMORANDUM IN SUPPORT OF A REQUEST FOR A NON-GUIDELINES SENTENCE AND IMPOSITION OF THE MANDATORY MINIMUM SENTENCE

Kyle Caton, by and through his counsel, Tully Rinckey PLLC, respectfully submits this memorandum to assist the Court in fashioning an appropriate sentence pursuant to 18 U.S.C. § 3553(a).

On June 25, 2019, Kyle Caton pled guilty to Count One of the Information charging him with Receipt of Child Pornography, in violation of Title 18, United States Code, §§ 2252A(a)(2)(A), 2252A(b)(1) and 2256(8)(A). As reflected in the Plea Agreement filed with the Court on June 25, 2019, Mr. Caton acknowledged that he freely and voluntarily entered into the plea agreement because he was in fact guilty. It is because of his remorsefulness and acknowledgement of responsibility, we respectfully request the Court sentence Kyle Caton to the mandatory minimum sentence, a non-Guidelines sentence, as it will satisfy the statutory goals of sentencing and constitute a sentence that is "sufficient, but not greater than necessary." See *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (quoting 18 U.S.C. § 3553(a)).

1

## **INTRODUCTION**

On June 25, 2019, Kyle Caton pled guilty to Count One of the Information charging him with Receipt of Child Pornography. Mr. Caton, from at least 2018 through February 25, 2019, in Saratoga County in the Northern District of New York, did knowingly receive child pornography using a means and facility of interstate and foreign commerce, shipped and transported in and affecting such commerce by any means, including by computer, in that he did receive graphic image and video files of actual minors engaged in sexually explicit conduct by use of the internet. Mr. Caton's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor, and he did not intend to traffic in or distribute such material.

Since his very first contact with law enforcement, Mr. Caton has been straightforward, honest and acknowledged wrongdoing. When Homeland Security Investigations (hereinafter "HSI") agents initially approached Mr. Caton at his residence on February 25, 2019, he voluntarily agreed to speak with them. During this interview, Mr. Caton admitted to accessing the Tor network (hereinafter "darkweb"), provided his darkweb usernames and admitted to accessing "contraband sites" that contained child pornography. Mr. Caton further admitted that he used bitcoin to purchase child pornography from these websites. At the end of the interview, Mr. Caton voluntarily signed a form entitled "Consent to Search Computer/Electronic Equipment," which allowed authorities to seize his computer tower and conduct a forensic review of its contents.

Approximately only four (4) months after his initial contact with law enforcement, Mr. Caton continued to acknowledge wrongdoing and accept responsibility by waiving his right to prosecution by indictment and voluntarily entering into an agreement in which he pled guilty to

2

one count of Receipt of Child Pornography. Mr. Caton continued to express remorse approximately two (2) months after when interviewed by U.S. Probation in connection with the Presentence Investigation Report. Mr. Caton described himself as feeling "ashamed" and "disgusted" with his actions and any harm he may have caused. Specifically, regarding child pornography, he stated, "Looking back at all this, I'm ashamed at the fact that it was there. I'm disgusted at some of the stuff that was there. Looking back in hindsight I definitely should have sought help with my pornography habits long before I became involved with child pornography."

### A. **PERSONAL HISTORY**

Prior to his arrest, Mr. Caton dutifully served our country as a member of the United States Navy since 2012. He received various awards during his time in the Navy, including the National Defense Service Medal, Marksman 9mm Pistol and Good Conduct Medal. Mr. Caton, however, was ultimately discharged from the Navy because of his conduct involved in the instant offense.

Despite his past transgressions, Mr. Caton is still surrounded by a solid and loving support system. Family and friends will attest that despite having made egregious mistakes in the past, Mr. Caton has accepted responsibility for his actions and is committed to getting the help he needs and improving his life moving forward. "Remorseful," "high character," "special," and "valued member of our family" are just a few of the words and phrases used by those closest to Mr. Caton to describe him. While acknowledging that Mr. Caton's actions were inexcusable and unacceptable, these individuals continue to show love and support for Mr. Caton and have expressed that he will always have a place in their family. The numerous letters of

3

support submitted by Mr. Caton's family further illustrate this. The aforementioned letters are attached hereto as "Exhibit A."

## ARGUMENT

### A. Applicable legal principles

Mr. Caton understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by the plea agreement. The total offense level of 30 agreed upon in the plea agreement results in a Sentencing Guideline range of ninety-seven (97) to one hundred twenty-one (121) months of imprisonment, a maximum fine of $250,000 and a supervised release term of five (5) years to life. However, as the Court is well aware, the Federal Sentencing Guidelines are "effectively advisory." *United States v. Booker*, 543 U.S. 220 (2005).

The Guideline used to determine the offense level for the instant offense is located at U.S.S.G. § 2G2.2. In *United States v. Dorvee*, the Second Circuit Court of Appeals recognized the struggle sentencing judges encounter when considering the Guidelines range in child pornography cases. *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010). The *Dorvee* panel acknowledged that the § 2G2.2 Guideline is "fundamentally different from most and that, unless applied with great care, can lead to unreasonable sentences that are inconsistent with what § 3553 requires." *Id.* at 184. The *Dorvee* panel noted that the § 2G2.2 Guidelines are not based upon empirical data derived from past sentencing practices. Instead, the Guidelines were amended several times at Congress' direction recommending harsher penalties. *Id.* at 184-185. Today's child pornography Guidelines include many possible enhancements that were presumably intended to increase the sentences for the most egregious offenders. In reality,

4

however, the Guidelines do little to differentiate the degree of culpability among offenders because essentially all of the enhancements apply in most every case.

### B. A Sentence of the Mandatory Minimum Term of Imprisonment is Sufficient but Not Greater Than Necessary to Accomplish the Statutory Purposes in Section 3553(a)

As noted above, after determining the appropriate Guideline range, the Court must focus on the factors set forth in 18 U.S.C. § 3553(a), and impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in that statute. Application of relevant § 3553(a) factors to this case make clear that a sentence of the mandatory minimum term of imprisonment is sufficient but not greater than necessary to comply with the purposes set forth in that statute.

1. The nature and circumstances of the offense and the history and characteristics of the defendant support a sentence of the mandatory minimum term of imprisonment

Kyle Caton entered a plea of guilty to one count of Receipt of Child Pornography. The Presentence Investigation Report sets forth the facts and circumstances leading to his arrest. Although it certainly does not excuse his actions, Mr. Caton has acknowledged wrongdoing and accepted responsibility since his initial contact with law enforcement through the time of his plea and presentence interview.

Mr. Caton is a first-time offender with an exemplary background, which includes serving our country as a member of the United States Navy. Mr. Caton was thirty-one (31) years old at the time of his arrest for the instant offense and it represents his first ever brush with the law. As reflected in the Presentence Investigation Report, Mr. Caton has no prior criminal history, including no juvenile adjudications and no adult criminal convictions. He had never even been

arrested prior to being arrested for the instant offense. Put frankly, Mr. Caton is a good person who made terrible decisions in connection with his online activity.

Mr. Caton is ashamed and disgusted by his actions. The first step in any rehabilitation is accepting one's problem. Mr. Caton acknowledges the severity of his mistakes and is prepared to accept the consequences he must face as a result. He is determined to engage in counseling and programs at whatever facility he is housed in order to learn from his mistakes and become a more productive member of society.

Despite his transgressions, Mr. Caton is still surrounded by a loving and supportive family. His mother and stepfather have made multiple trips from Tennessee, his home state, to visit him at Rensselaer County Correctional Facility. The letters submitted to the Court in support of Mr. Caton, attached hereto as "Exhibit A," describe a genuine and remorseful person. These letters demonstrate how his family understands that there are consequences for his actions, but they will continue to remain at his side and provide a support system upon his release.

> 2. A sentence of the mandatory minimum term of imprisonment would reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense

There is no denying that Mr. Caton must serve a term of imprisonment as a result of his conviction for a very serious offense. However, a sentence to the mandatory minimum term of five (5) years would be more appropriate in this situation as opposed to the Sentencing Guideline range of ninety-seven (97) to one hundred twenty-one (121) months. The instant offense represents the first and only time, at a state or federal level, Mr. Caton has been the subject of an investigation by law enforcement and arrested. Since his initial contact with HSI agents, Mr. Caton has been forthcoming and honest, voluntarily providing information to authorities, including consenting to the search and seizure of his computer. Additionally, he has never

6

wavered in his acknowledgment of wrongdoing and acceptance of responsibility. Moreover, it is important to note that Mr. Caton's actions were limited to the receipt of child pornography. He did not traffic in or distribute such materials, and he has never had any actual contact with minor children.

In addition to having to serve a term of imprisonment, Mr. Caton, under the Sex Offender Registration and Notification Act, will be required to register as a sex offender and keep the registration current in each jurisdiction where he resides and is an employee. Pursuant to the terms of his plea agreement, for initial registration purposes, Mr. Caton must also register in New York as a result of his conviction, even if he resides in a different jurisdiction. Upon his release, Mr. Caton plans on living with or near his family in Tennessee. As such, he will be required to register as a sex offender in both New York and Tennessee and will have to comply with the various registration requirements of each state. He will always live with the shame associated with his crime and will no doubt have difficulty finding employment as an individual on the sex offender registry.

Based on the totality of the circumstances, a sentence of the mandatory minimum term of five (5) years imprisonment for the instant federal offense, as opposed to the Sentencing Guideline range of ninety-seven (97) to one hundred twenty-one (121) months, would be a just punishment.

> 3. There is no need for additional deterrence or to protect the public from further crimes by Kyle Caton

As previously stated, Mr. Caton will be required to register as a sex offender under the Sex Offender Registration and Notification Act. The registration requirement in and of itself provides adequate deterrence to criminal conduct as a sex offender who knowingly fails to

register or update a required registration may be subject to prosecution under 18 U.S.C. § 2250 and face a penalty of up to ten (10) years imprisonment.

In addition to serving a term of imprisonment and being required to register as a sex offender, Mr. Caton will be required to serve a term of supervised release between five (5) years and life. Regardless of the supervised release term of years imposed by the Court, Mr. Caton will be required to follow and adhere to a strict set of special conditions that will provide adequate deterrence to criminal conduct and protect the public from further crimes. Due to the nature of Mr. Caton's conviction, for example, he will not be able to use or possess any computer, data storage device, or any internet capable device unless he participates in the Computer and Internet Monitoring Program (CIMP), or unless authorized by the Court or the U.S. Probation Office. Additionally, the U.S. Probation Office may use and/or install any hardware or software system that is needed to monitor his use of a computer or internet capable device. These examples of special conditions of supervision, along with any others the Court may impose, must be met with strict compliance. If Mr. Caton violates any of these conditions, he will face serious ramifications, including an additional term of imprisonment, and are adequate to deter Mr. Caton from engaging in any future criminal conduct while also protecting the public.

## REQUEST FOR INCARCERATION NEAR HIS FAMILY

Mr. Caton's family resides in the State of Tennessee. They have stayed in constant contact with him while he has been incarcerated in New York, and they continue to show him love and support during these troubling times. As such, it is respectfully requested that this Court recommend that Mr. Caton be incarcerated as close to his family as possible, specifically,

USP Marion located in Marion, Illinois. USP Marion is located approximately four (4) hours from his family's home in Tennessee. In addition to being geographically close to his family, the facility offers a Sex Offender Treatment Program that would be highly beneficial to Mr. Caton's rehabilitation and reintegration into society, and houses similarly situated inmates.

## CONCLUSION

Taking full account of all of the above, Kyle Caton's history and characteristics, the nature and circumstances of the offense, and his acknowledgement of wrongdoing and acceptance of responsibility, we respectfully request that the Court impose a sentence of the mandatory minimum term of imprisonment. Such a sentence is sufficient by not being greater than necessary to accomplish the statutory purposes of sentencing, and it will allow Mr. Caton to continue to rebuild his life and once again become a productive member of society upon his release. A sentence within the Guidelines imprisonment range may be more than necessary to serve the purposes of sentencing, and we respectfully request the Court sentence Mr. Caton to the mandatory minimum term of imprisonment.

Dated: October 23, 2019  
Albany, New York

Respectfully submitted,

Derrick T. Hogan  
Attorney for Kyle Caton  
Bar Roll No. 516379  
Tully Rinckey PLLC  
441 New Karner Road  
Albany, New York 12205  
(518) 218-7100  
dhogan@tullylegal.com