IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:19-CR-245 (TJM) |
| | ) | |
| v. | ) | |
| | ) | |
| **KYLE CATON** | ) | **Government's Sentencing Memorandum** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court impose a guidelines sentence, including a term of imprisonment at the high end of the recommended range of 97 to 121 months, and a life-term of supervised release.

**I.      INTRODUCTION**

On June 25, 2019, the defendant pled guilty to a one count Information, which charged Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and 18 U.S.C. § 2256(8)(A).  The defendant is scheduled to be sentenced at 10:00 a.m. on November 13, 2019.

**II.     APPLICABLE STATUTORY AND GUIDELINES PROVISIONS**

   **A.      Statutory Maximum and Minimum Sentences**

The defendant's conviction for Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and 18 U.S.C. § 2256(8)(A), subjects the defendant to a statutory maximum term of 20 years imprisonment and a statutory mandatory minimum term of five years imprisonment; a mandatory term of supervised release of between 5 years and life, 18 U.S.C. § 3583(k); and a fine of $250,000, 18 U.S.C. § 3571.  The defendant is also subject to the

mandatory forfeiture and restitution provisions set forth in 18 U.S.C. §§ 2253 and 2259, and the assessments set forth in 18 U.S.C. §§ 3013, 3014, and 2259A(a)(2).

    **B.**    **Guidelines Provisions**

        **1.**    **Offense Level**

The government agrees with Probation that the defendant's base offense level is 22. In the plea agreement, the parties agreed to the following sentencing stipulations relating to the defendant's offense level:

(1) The defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor and the defendant did not intend to traffic in or distribute such material, resulting in a 2-level decrease to the applicable federal sentencing guidelines pursuant to U.S.S.G. § 2G2.2(b)(1).

(2) The material involved a prepubescent minor or a minor who had not attained the age of 12 years, resulting in a 2-level increase to the applicable federal sentencing guidelines pursuant to U.S.S.G. § 2G2.2(b)(2).

(3) The offense involved material that portrays sadistic or masochistic conduct or other depictions of violence or sexual abuse or exploitation of an infant or toddler, resulting in a 4-level increase to the applicable federal sentencing guidelines pursuant to U.S.S.G. § 2G.2(b)(4).

(4) The offense involved the use of a computer, resulting in a 2-level increase to the applicable federal sentencing guidelines pursuant to U.S.S.G. § 2G2.2(b)(6).

(5) The offense involved 600 or more images, resulting in a 5-level increase to the applicable federal sentencing guidelines pursuant to U.S.S.G. § 2G2.2(b)(7)(D).

Consistent with the plea agreement, the government now recommends a 2-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. § 3E1.1(a), because the defendant has demonstrated "acceptance of responsibility" for his offense and all relevant conduct, as defined in U.S.S.G. § 1B1.3; and (ii) the government has not determined that the defendant committed any other federal, state, or local crimes, or engaged in conduct that constituted "obstruction of justice," as defined in U.S.S.G. § 3C1.1.  The government moves for an additional 1-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. § 3E1.1(b), because the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.

Based on these stipulations and the defendant's acceptance of responsibility, the government agrees with Probation that the defendant's total offense level is 30.

**2.      Criminal History Category**

According to the presentence report, the defendant's criminal history category is I.  The government agrees with Probation's determination of the defendant's criminal history category.

**3.      Guidelines Range and Sentence**

As described above, the combined offense level is 30 and the criminal history category is I.  This is consistent with the calculations in the presentence report.

As a result of the above-described calculations, absent any departures, the federal sentencing guidelines advise that the defendant receive a sentence of 97-121 months of imprisonment; a fine of $30,000 to $250,000; a mandatory special assessment of $100; an additional assessment of $5,000; a child pornography assessment of no more than $35,000;

restitution for the full amount of the victims' losses; forfeiture of the property described in the plea agreement, and a term of supervised release of five years to life. As noted in the presentence report and in U.S.S.G. § 5D1.2(b), where the offense of conviction is a sex offense, the maximum term of supervised release is recommended.

**III.     GOVERNMENT'S SENTENCING RECOMMENDATION**

The government respectfully requests that the Court impose a term of imprisonment at the high end of the Guidelines range of 97-121 months as well as a life-term of supervised release. Such a sentence would be sufficient, but not greater than necessary to serve the purposes set forth in 18 U.S.C. § 3553(a).

The defendant asks the Court to impose a below-Guidelines sentence on the grounds that (1) he has no criminal history; (2) he admitted his guilt promptly; (3) he will have to register as a sex offender; (4) he will be subject to conditions of supervised release which limit his use of computers; and (5) "the Guidelines do little to differentiate the degree of culpability among offenders because essentially all of the enhancements apply in most every case." The Court should not be persuaded by these arguments.[1]

First, the defendant's Guidelines sentence accounts for the fact that he has no criminal history. The recommended sentence of 97-121 months of imprisonment is derived from an offense level of 30 and a criminal history score of I. If the defendant had a criminal record, his

---

[1] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed. R. Crim. P. 32(i)(1)(c), 32(h). Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

criminal history score would have been higher, and his recommended Guidelines sentence would be higher. Moreover, law enforcement was only able to identify the defendant as a suspect following a highly sophisticated, international cyber investigation. The defendant is young and computer savvy, and he knew how to search for and purchase child pornography off of dark web sites that a regular computer user would never have been able to find. He was also receiving child pornography for a long enough period of time that he was able to amass a library of hundreds of images of children being sexually abused. The defendant's crime was not the product of a one-time error in judgment, and his lack of criminal history is at least partially attributable to his ability to search for and find child pornography anonymously on the dark web.

      Second, the defendant argues that he should receive a below-Guidelines sentence because he admitted his guilt promptly. This is only partially true. The defendant maintained in interviews with law enforcement and during his presentence interview that he was sexually interested in teenagers, and that the images of younger children were anomalous. However, the images that forensic analysts found on the defendant's computer are not consistent with these statements. There were dozens of photographs of prepubescent children on the defendant's computer, including extremely graphic images of adults engaging in sex acts with toddlers.

      Of greatest concern to the government, and the primary reason the government now seeks a sentence at the high end of the Guidelines range is the "how-to" guide the defendant had, which included detailed instructions about how to engage in sexual intercourse with "very young girls . . . safely." The guide was illustrated with photographs of prepubescent children being sexually abused by adults, and included directions about how to physically prepare children as young as four years old to be penetrated. Not only is the defendant's possession of this guide inconsistent with his claims that he is primarily interested in teenagers, but it is also evidence of

an intent to abuse children offline. A lengthy term of imprisonment with lifetime supervised release is necessary to protect the public from the risk that the defendant will take his sexual interest in children offline. A mandatory minimum sentence, with sex offender registration and supervised release conditions is not enough.

 Finally, the defendant's argument that all defendants are subject to all enhancements is factually incorrect. It is not true that every person who receives child pornography happens to accumulate a collection of over 600 images depicting the sexual exploitation of children. It is not true that every person who receives child pornography possesses images of prepubescent children naked, strapped down on a bench, or wearing a dog collar. It is not true that every person who receives child pornography has images of the sexual abuse of toddlers. The defendant's crime was more serious because he met all of these criteria, and his sentence should reflect the seriousness of this conduct.

 In fact, the defendant's conduct in this case is arguably more serious than the conduct of others with the same offense level, because he not only had images of the sexual exploitation of toddlers, but he also sadomasochistic images. The enhancement is the same regardless of whether a defendant has either of these types of images or both types. Additionally, the defendant supported the commercialization of child sexual exploitation by paying for child pornography. Because of the defendant and others like him, there are people in the world who are not only exploiting children, but are earning a profit while they do it.

 A term of imprisonment at the high end of the Guidelines range will promote respect for the law, provide just punishment, and further both specific deterrence to the defendant and general deterrence to others. As the Supreme Court has observed, "in the ordinary case, the [Sentencing] Commission's recommendation of a sentencing range will 'reflect a rough

approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of carful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Within-Guidelines sentences also promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

Dated: October 23, 2019                        Respectfully submitted,

                                               GRANT C. JAQUITH
                                               United States Attorney

                        By:    */s/ Shira C. Hoffman*
                               Shira C. Hoffman
                               Assistant United States Attorney
                               Bar Roll No. 700507